Raúl Asencio, demandante y apelado, *v.* Juan S. Mendoza, demandado y apelante.

Núm. 7634.—*Sometido:* Enero 25, 1939. *Resuelto:* Junio 8, 1939.

R. *Hernández Matos,* abogado del apelante; *P. N. Colberg,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Raúl Asencio instó demanda contra Juan S. Mendoza en la Corte Municipal de Cabo Rojo. Dicha corte dictó sentencia a favor del demandante, al igual que lo hizo en apelación la Corte de Distrito de Mayagüez.

El apelado solicita la desestimación del recurso basándose aparentemente en gran parte en que no hay transcripción de evidencia y en que por otro lado la apelación es frívola. No obstante, tanto en la corte municipal como en la de distrito, el demandado suscitó la falta de jurisdicción, principalmente basado en que la suma reclamada excedía de la cuantía jurisdiccional de la corte municipal. Si esta última corte carecía de jurisdicción, convenimos con el apelante en que el dejarse de preparar la transcripción de evidencia no sería motivo para que se desestime el recurso.

El artículo 1173 de los Estatutos Revisados de 1911 provee que las cortes municipales tendrán jurisdicción hasta la suma de $500, intereses inclusive.

El demandante solicitó de la corte municipal que dictara sentencia por $400, más intereses y costas. Se reclamaban intereses a partir de la fecha de la obligación, o sea desde el 10 de agosto, 1934. Según los cálculos del apelante estos intereses ascendían a $96, pero el demandante solicitaba también costas y honorarios de abogado, toda vez que éstos fueron especificados como parte de la obligación original.

La corte municipal dictó sentencia por $400, más intereses de mora, costas y honorarios de abogado, pero no determinó a cuánto ascendían los intereses ni a cuánto los honorarios de abogado. Es precisamente porque la suma reclamada no excede específicamente de $500 que el apelado sostiene que la corte municipal tenía jurisdicción.

La corte de distrito en apelación dictó sentencia por la suma de $400, más intereses a partir de la misma fecha, es decir, desde el 10 de agosto de 1934, costas y honorarios de abogado ascendentes a $50. Por tanto, la sentencia de la corte de distrito ascendía específicamente a $546. La corte municipal no fijó la cuantía de los honorarios de abogado, pero se pedían $150. Creemos que como la reclamación del demandante envolvía por lo menos $96 de intereses moratorios y que como los honorarios de abogado reclamados montaban a $150, la corte municipal efectivamente carecía de jurisdicción. La corte de distrito dictó sentencia en apelación por una suma que el demandante no tenía derecho a reclamar en la corte municipal, o sea por $546.

No importa que la reclamación en la corte municipal en números exactos no ascendiera a más de $500. No obstante, el efecto de la reclamación, tal cual constaba por escrito, permitía al demandante recobrar, bien en la corte municipal o en la de distrito, una suma en exceso de la jurisdicción de la corte municipal. *Certum est quod certum reddi potest* y como la reclamación propiamente calculada podía sobrepasar la cuantía jurisdiccional de la corte municipal, esta última carecía de jurisdicción. Podemos agregar que el demandante no trató de rebajar ninguna parte de su reclamación. El

apelante hace algunos cálculos respecto a cómo, aun si la rebaja hubiera sido hecha, la corte municipal habría carecido de jurisdicción, mas creemos innecesario entrar en estas consideraciones, toda vez que la reclamación excedía de la cuantía jurisdiccional de la corte municipal.

*Debe revocarse la sentencia apelada y declararse sin lugar la demanda en la Corte Municipal de Cabo Rojo por falta de jurisdicción.*